The next case on the calendar is Philbert v. New York City Department of Education. May it please the Court. Good morning. Richard St. Paul for the appellate. The district court committed two reversible errors. First, it applied a 2008 standard to the definition of disability, ignoring the ADA Amendments Act mandated for broad coverage. Unlike situational impairment in Wolf v. Strada, Ms. Philbert's condition is psychological, requiring neurosurgery and substantially limits her ability to concentrate, sleep and see. This is regardless of her job location. Second, regarding causation, the district court impermissibly weighed evidence on summary judgment. The record contains a smoking gun e-mail where the principal directed an assistant principal to schedule an observation specifically to do I's and cross T's regarding Ms. Philbert's tenure immediately after she requested medical leave. This evidence of a manufactured paper trail creates a triable issue of fact on a pretext that a jury must resolve. I just want to make a couple of points. Maybe you could elaborate on why that is. I mean, there was substantial evidence in the record of problems, performance problems. Your client had been on probationary status for I think approaching five years and had some deficient performance evaluations, a pretty lengthy record, history of absences. So you're saying that the e-mail exchange is enough to show that all that was protectual because I think the city came forward with it and said this evidence shows that we had a legitimate non-retaliatory reason to not discontinue her probationary status. Right. That's the crux of the dispute, Your Honor. While there were prior criticisms, the DOE kept extending her probation for five years. The shift to termination occurred only after she requested medical leave and an accommodation. The I e-mails, the cross your T's and doctor I e-mails proved the subsequent weighting in the 2019 were not an objective assessment. They were a predetermined effort to build a file for termination. A jury could reasonably find that the DOE tolerated her, quote, average performance until she engaged in protective activity, at which point they decided to get rid of her. The protective activity that we're talking about here is the request for the air conditioning to be resumed? It was the, yes, two things. First it was the medical leave, which she requested back in February. And at that point in time, there was an e-mail sent between the assistant principal and the principal saying we need to essentially have an, we need to have, do an observation so we can cross our T's and doctor I's. It goes back to them. And then, so that happened immediately after she requested leave, medical leave. And then subsequently as a result, then the retaliation continued by turning off the air condition, which the principal and assistant principal were aware that it, that it affected her disability. And then. And then when it's, it is turned back on, right? The day she's terminated. Right. And that's why you're claiming retaliation. Correct. As you're saying. Okay. Yes. The lower court also, the district court also mentioned that Ms. Philbert had a number of conclusionary allegations as to her medical condition. However, again, as we mentioned, the district court did not take into consideration the amendment to the Disabilities Act, which doesn't require extensive medical evidence to establish a disability of impairment. In the record, we provided to the district court letters from her doctor, surgical notes about her surgery, information, e-mails that include her communicating to her supervisors, the principal and assistant principal, her medical condition. So the record was replete with her stating her medical conditions. So for the district court to say that she was only offering conclusionary evidence as to her conditions, we think the district court erred in that matter. And in fact, the city does not defend the district court's reasoning on that basis, does it? I mean, it doesn't defend the district court's conclusion that she didn't have a disability as a grounds for affirming. That's correct. The city, sorry, the Department of Education essentially tries to build a record of issues that Ms. Philbert had as an employee of the Department of Education. But what they are silent on is the fact that they didn't hear the request for medical leave and the dot-your-i's and cross-your-t's that they, after she requested medical leave, that started the retaliation. Only then did they move to fire her. I'll reserve my balance for the record. May it please the Court. Diana Lawless on behalf of the New York City Department of Education. So the only claim here that was alleged and survived the motion to dismiss and for which the subject of summary judgment is that the termination was retaliation because the plaintiff requested restored air conditioning in her classroom as an accommodation for her migraines. We do agree that the district court's reasoning on disability is not an issue for this court based on this court's precedent, and we ask for the alternative affirmation. You mean you can have a retaliation claim without having a disability? Correct. This court's case law is clear on that. You just need a good faith belief. So this analysis of the district court was clearly erroneous. But the summary judgment motion was briefed fully on all the aspects of the test on the retaliation claim. The city proffered a reason for the discontinuance that was nonretaliatory, that it was based on her five additional years as a probationary employee that she was agreed to, and then her last year where she was actually at a different school, her poor performance there. So why aren't the e-mails some evidence of pretext here? So I think it goes back to starting to procedure, right? This started as a much larger lawsuit with many more claims. They were all dismissed at various grounds on the motion to dismiss stage. My colleague could have brought those up now and hasn't brought them up. The only claim left, which is clear from the prior decision, is the one based on the restored air conditioning. There's nothing in the air conditioning that was in her deposition about any medical leave, anything that happened about this medical leave. It came up only in an affidavit and these e-mails that she attached in opposition to our summary judgment motion. So it's just creating, trying to create something that's a totally different act. It has nothing to do with the air conditioning. It has nothing to do with the only claim that was surviving from the complaint. So you can't go back and create new claims that you never alleged in your complaint in order to defeat a summary judgment. It can't be some evidence of pretext in connection with the later discontinuance of her status after the air conditioning incident? Well, I don't think it's evidence of pretext if the only incident was to do with the air conditioning. I mean, there is, if the medical leave would have to be discrete acts, right, retaliation claims are based on discrete acts, it would have to be that that would be a separate act. And I don't think that it could be evidence of pretext. It doesn't say anything related, with strong inferences from the beliefs of the plaintiff. It doesn't say anything about the person's condition. I believe the e-mail said that we're tired of her. We should dot our I's, cross our T's. There was an evaluation that they wanted to schedule. That evaluation was never scheduled. There's no evidence that anything happened other than the scheduled evaluation process, that the evaluation process was provided in the way that it had to do by the collective bargaining agreement, and that this teacher had many years of bad ratings and bad attendance, as Your Honor pointed out. And we gave her many opportunities, and this air conditioning request came on the same day. That was the reason it survived the motion to dismiss, was because it was the same day, and that, at the prima facie stage, temporal is enough. It's not enough to show pretext. You need to come in with hard evidence that has to link the two acts and to link it to the, not just the status, but to retaliation for complaints or activity under the status. And the plaintiff doesn't conform, come forward with any evidence on that. Let me ask about that. I'd understood your adversary to suggest that they were disputing the evaluation, the negative evaluations. Is there any basis for thinking that it's the closeness in time plus making a history of disputed evaluations that could support the retaliation claim? I don't think so, because I think it has to do with her own, really, her own disagreement with the methodology and the ratings. She needs evidence to support. And clearly here, there's significant, like, there's some emails. I know they dispute whether or not that was the proper process to do it, but following the proper evaluation process and the evaluations from the prior schools, right, she was working for four years in a different school with also negative evaluations, that there's no basis for her to complain about that this was me, that I actually was a good teacher, because the case law is also that. It's only the employer's motive about the quality of the employee that matters and whether the motive was actually retaliatory, rather than that subjectively this employer maybe, you know, had a different view of whether or not this was a good employer or not. So we're not measuring the quality of the judgment of the employer as to whether or not this is a good employee. We're trying to measure whether or not there's evidence that this was pretext to retaliate for conduct protected under the Act. And that's not, there's nothing related to that here. So we ask that this court affirm. Your Honor, I think my, Your Honor, as my adversary makes the point that there are issues of fact in this matter. Let me point out one of those glaring issues of fact. Principal Harrison explicitly discussed Ms. Philbert's medical leave and licensure implication, excuse me, in the same breath. That's A860 of the record. When an employer links a medical condition to tenure eligibility and immediately moves to paper the file, again, going back to the dot I's and cross T e-mail, a jury could reasonably infer that the regarded her as unfit because of her psychological conditions, satisfying the regarded as prongs under 42 U.S.C. section 12102 subsection 3. I will read that e-mail to you. It's dated February 24th, 2019 at 937 a.m. Hi, Ms. Harrison. She's the principal. I'm writing to let you know I'll be submitting a restoration of health leave in SOLAS because I have, I'm having surgery on March 5th. I'll leave it at that. The response from Ms. Harrison at 944 a.m. on February 25th. Good evening, Ms. Philbert. I am truly sorry to hear this. Please come by during your prep tomorrow so we can discuss this further and implications for tenure and licensure. Thank you. Judge, based upon these, Your Honor, excuse me, based upon these facts, we believe that there was an issue of fact that should, the jury should have heard and that the district court committed reversal error. Thank you. Thank you both and we will take the matter under advisement.